IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ANDREA GOULDMAN,<br><br>Plaintiff,<br>v.<br><br>WEBER STATE UNIVERSITY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 1:25-cv-00113-AMA-JCB<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

This matter is presently before the Court on a Motion to Dismiss filed by Defendant Weber State University ("Motion").[1] The Motion is fully briefed.[2] The Court did not hear oral argument. For the reasons set forth below, the Court grants in part and denies in part Defendant's Motion.

## BACKGROUND

The following factual background is taken from Plaintiff Andrea Gouldman's Complaint.[3] Plaintiff alleges she "made complaints" about disparities in pay and opportunities for advancement "[d]uring her tenure at the Goddard School."[4]

---

[1] *See* ECF No. 13.
[2] *See* ECF Nos. 14 & 15.
[3] ECF No. 1.
[4] Compl. ¶¶ 12–13. Many of Plaintiff's allegations, such as the allegation she "made complaints" are conclusory and lack the necessary factual detail to constitute well-pleaded factual allegations. In another example, Plaintiff alleges she received "baseless attacks" and that she "reached out to the University multiple times" to stop perceived discrimination in 2022. *See id.* ¶¶ 55-56. These allegations offer no more than labels and conclusions, which the Supreme Court has held are insufficient to state an adequate claim under Rule 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the extent Plaintiff intends these allegations to simply reference

Specifically, Plaintiff alleges that, in 2021, the son-in-law of the "Dean"[5] was admitted to the MBA program by "individuals who reported to Dean Mouritsen," despite the admission committee determining he was not qualified and should not be admitted.[6] Plaintiff filed a formal complaint, raising concerns that the son-in-law, who is "a white, LDS male,"[7] was not qualified and that Defendant had engaged in discrimination because "the special exception was not made available to women or minority candidates."[8] Defendant investigated and found "no nepotism" but Defendant did not address the alleged discrimination that Plaintiff had raised.[9] During this "same period" Plaintiff "made good faith complaints" about discrimination she perceived in the selection process for a new director of the Masters of Accounting Program.[10]

Plaintiff alleges Defendant retaliated against her in fall 2021 when she sought a position as Director of the MBA program because, while Dean Mouritsen offered Plaintiff the position, Plaintiff was asked to share it with Dr. Giraud-Carrier, which Plaintiff declined to do.[11] Plaintiff alleges "Dr. Giraud-Carrier is a white LDS male."[12]

In August 2024 Plaintiff was excluded from "a committee to search for a new Dean despite her receiving the highest number of votes from her colleagues."[13] Plaintiff alleges that exclusion

---

other factual allegations in the Complaint, this may not create a problem. If, on the other hand, Plaintiff intended these as factual allegations supporting her claims, they are insufficient.

[5] Although this appears most likely to refer to Dr. Mouritsen, Plaintiff does not clearly specify whether this refers to Dr. Mouritsen, Dr. Geide-Stenson, or some other dean.

[6] Compl. ¶¶ 15–17.

[7] *Id.* ¶ 20.

[8] *Id.* ¶ 19.

[9] *Id.* ¶ 21.

[10] *Id.* ¶¶ 27–28.

[11] *Id.* ¶¶ 30–43.

[12] *Id.* ¶ 46.

[13] *Id.* ¶ 57.

from such committees can negatively impact her salary, advancement, and future employment prospects.[14]

When Dr. Giraud-Carrier became Director of the MBA program in spring 2025, he removed Plaintiff from the admissions committee and task force because he had been told Plaintiff was "difficult," did not work well with others, and "would slow down the process."[15] Dr. Giraud-Carrier also asked Plaintiff to reconcile with a colleague who at some unspecified time had directed foul language at Plaintiff.[16] In April 2025 Dr. Geide-Stevensen was initially reluctant to provide Plaintiff "the full per diem made available to other faculty" but ultimately provided it to Plaintiff.

At some unspecified time, Dr. James Hansen the former "Chair of the Accounting Program" . . . "applied a standard not applied to "other faculty" and Geide-Stevensen made excuses for this "discrimination."[17] At some time "[m]ore recently," Defendant reduced the stipend for Plaintiff, as International Specialist, from $10,000 to $5,000, but did not make a similar reduction to the stipend for a "Sustainability Specialist."[18]

**<u>DISCUSSION</u>**

For the reasons set forth in detail below, the Court grants Defendant's Motion insofar as it seeks dismissal of Plaintiff's discrimination claim under Title IX. Plaintiff has not alleged facts that could demonstrate Defendant was deliberately indifferent to sexual harassment so severe, pervasive, and objectively offensive that it can be said to deprive Plaintiff of the benefits

---

[14] *Id.* ¶ 58.
[15] *Id.* ¶¶ 48–49.
[16] *Id.* ¶¶ 50–52.
[17] *Id.* ¶ 7, 57, 60.
[18] *Id.* ¶ 61.

provided by the school. On the other hand, the Court declines to dismiss Plaintiff's Title IX retaliation claim. Plaintiff has alleged sufficient factual material to support the claim at this stage of the proceedings.

Under Federal Rule of Civil Procedure 12(b)(6), a claim is subject to dismissal if the plaintiff's complaint fails to "state a claim upon which relief can be granted." In construing a complaint, the Court assumes the truth of any well-pleaded facts and draws all reasonable inferences in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). With this standard in mind, the Court turns to Defendant's arguments.

## I. **<u>The Court grants Defendant's Motion insofar as it seeks dismissal of Plaintiff's Title IX discrimination claim</u>**

Plaintiff's discrimination claim under Title IX is subject to dismissal because Plaintiff has not alleged facts that could establish Defendant was deliberately indifferent to sufficiently severe sexual harassment. Title IX of the Education Amendments Act of 1972 provides similar protections [to those afforded by Title VII]." *Hiatt v. Colorado Seminary*, 858 F.3d 1307, 1315 (10th Cir. 2017).[19] Title IX "prohibits discrimination 'on the basis of sex' in educational

[19] Defendant asserts the Court should follow the Eleventh Circuit's recent decision that held Title IX does not provide a private right of action to employees claiming discrimination against educational institutions. *See* ECF No. 13 at 10 (quoting *Joseph v. Bd. of Regents of the Univ. Sys. of Georgia*, 121 F.4th 855, 867 (11th Cir. 2024), *cert. granted sub nom. Crowther v. Bd. of Regents of the Univ. Sys. of Georgia*, 146 S. Ct. 2635 (2026)). Given the Court concludes Plaintiff has not stated a claim for discrimination, even assuming one exists, it need not reach this issue, which appears to have been taken up by the Supreme Court. *See also Medina v.*

programs or activities receiving federal funding" and "includes a prohibition on employment discrimination in federally funded educational programs." *Id.* Yet, a defendant can be liable for money "damages only where they are deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650 (1999). Here, Plaintiff fails to identify any discrimination, let alone any that could be considered severe and pervasive.

Plaintiff fails to identify any discrimination, let alone any so severe, pervasive, and objectively offensive that she was deprived of benefits provided by the school. Plaintiff points to only a single incident to attempt to demonstrate severe and pervasive discrimination: "she was not hired as Director of the MBA program despite being the only qualified candidate nominated by the faculty."[20] Yet Plaintiff's Complaint indicates Plaintiff was asked "if she would be willing to share the position with" her white, male, comparator and "the Dean indicated that he was unwilling to appoint her since she expressed unwillingness to share the position."[21] Thus, rather than demonstrating discrimination, the allegations in the Complaint indicate Plaintiff was offered the position but was unwilling to accept it on the terms offered. It follows from the Complaint's allegations that if Plaintiff was offered a shared position with her white male comparator, that comparator could also only have been offered a shared position, at least at the

*Planned Parenthood S. Atl.*, 606 U.S. 357, 369 (2025) (noting that the "language" used in the Supreme Court case that inferred certain causes of action under Title IX "no longer controls").

[20] ECF No. 14 at 6.

[21] ECF No. 1 ¶¶ 38, 43.

outset. Thus, given Plaintiff and her alleged comparator were provided the same offer (or that Defendant attempted to provide them with the same offer), these facts do not set forth "circumstances giving rise to an inference of discrimination." *Gossett v. Oklahoma ex rel. Bd. of Regents for Langston Univ.*, 245 F.3d 1172, 1176 (10th Cir. 2001). Plaintiff's refusal to share the position does not transform these events into discrimination. More critically for present purposes, the circumstances do not identify discrimination "so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650 (1999). Plaintiff offers no authority that might suggest otherwise.[22]

## II. **<u>The Court denies Defendant's Motion insofar as it seeks dismissal of Plaintiff's Title IX retaliation claim</u>**

Although Plaintiff's retaliation claim rests on a relatively thin reed, Defendant has not shown that dismissal is justified at the present stage of this case. The parties appear to agree that a retaliation claim under Title IX requires Plaintiff to allege facts sufficient to show: "(1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action." *Vaughn v. Epworth Villa*, 537 F.3d 1147, 1150 (10th Cir. 2008); *see also Kincaid v. Unified Sch. Dist. No. 500, Kansas City, Kansas*, 94 F.4th 936, 943 (10th Cir. 2024) ("a plaintiff must first establish a prima facie case that the employer took a materially adverse action against her in retaliation for activity

[22] Similarly, Plaintiff does not argue that she might pursue injunctive relief absent a showing of "severe, pervasive, and objectively offensive" discrimination. Thus, the Court does not consider that question. *See Lingam v. Dish Network Corp.*, 167 F.4th 1094, 1107 (10th Cir. 2026). (reciting "the principle of party presentation, under which the parties frame the issues for decision while the court serves as neutral arbiter of matters the parties present") (cleaned up).

protected by the applicable statute"). Defendant does not dispute that Plaintiff alleged she engaged in protected activity. The Complaint appears to allege facts that could show two instances of protected activity. Namely, Plaintiff filed a formal complaint about perceived discrimination in the admission of the Dean's son-in-law[23] and made an informal complaint about the selection process for a new director of the Masters of Accounting Program.[24]

On the other hand, Defendant contends Plaintiff's retaliation claim under Title IX should be dismissed for failure to allege materially adverse action and causation. These arguments will be discussed in turn in.

**a. Adverse action**

First, Defendant has not shown any failure to plead materially adverse action. "[T]he applicable standard for whether an adverse employment action has occurred is whether the employer's actions "would have been materially adverse to a reasonable employee . . . ." *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1123 (10th Cir. 2007). As Defendant recognizes in its Motion, Plaintiff alleges that "many different actors [and] supervisors . . . over the course of about 4 years" took various actions against Plaintiff, including excluding her from committees.[25] As previously mentioned, Plaintiff alleges that exclusion from such committees can negatively impact her salary, advancement, and future employment prospects. These allegations appear to constitute sufficiently adverse action.

Defendant contends Plaintiff has not alleged any sufficiently adverse action, citing *Kincaid*, 94 F.4th 936. In *Kincaid*, the Tenth Circuit held that two emails, sent one year after the

---

[23] Compl. ¶ 19.
[24] *Id.* ¶¶ 27–28.
[25] ECF No. 13 at 13.

protected activity occurred and requesting that the plaintiff communicate certain information in the future, did not constitute protected activity. *Id.* at 945. Plaintiff's allegations bear no resemblance to the facts in *Kincaid*. Here, Plaintiff asserts she faced retaliation over a years-long period of time from multiple actors. She contends that she was excluded from committees, which exclusion has a negative impact on her salary, advancement, and future employment prospects. In light of the procedural posture of the case,[26] these allegations are adequate.

**b. Causation**

Next, Defendant has not shown any failure to plead causation. Defendant asserts Plaintiff has not alleged that Defendant had sufficient knowledge of Plaintiff's complaints. First, Defendant fails to support this argument with any authority.[27] This alone warrants denial of Defendant's Motion insofar as it addresses causation.

Second, even if the Court were inclined to dismiss on this basis, such dismissal would necessarily require allowing Plaintiff a chance to replead, which is easily accomplished given that Rule 9(b) allows knowledge to be alleged generally. *See* Fed. R. Civ. P. 9(b). Defendant's argument risks elevating form over substance.

---

[26] Defendant argues, for example, that Plaintiff's "salary pay has not been affected." ECF No. 13 at 14. At this stage, the Court is bound by Plaintiff's factual allegations and the reasonable inferences to be drawn therefrom.

[27] The only authority Defendant cites in this section of its argument only supports its argument that Plaintiff has not shown the existence of a hostile work environment. ECF No. 13 at 14. Plaintiff does not meaningfully address the hostile-work-environment argument. Although Plaintiff uses the phrase "hostile environment" at various times in her Complaint, this appears to be more hyperbole than legal assertion. In any event, the Court need not examine this issue to resolve the current Motion. Suffice it to say, nothing in this Order is meant to suggest the Court finds a hostile work environment existed, in the legally significant sense of that term.

Finally, and perhaps most importantly, it seems reasonable to infer that Dr. James Hansen, the former "Chair of the Accounting Program," knew about Plaintiff's complaint regarding alleged discrimination that Plaintiff perceived in the selection process for a new director of the Masters of Accounting Program. Thus, when Dr. Hansen (subsequent to Plaintiff's complaint) declined to put Plaintiff on the committee to search for a new dean, he appears to have done so with knowledge of Plaintiff's complaint about discrimination in the selection process. Based on the foregoing, Defendant has identified no deficiency in Plaintiff's allegations as they relate to causation.

**ORDER**

Having considered the parties' briefs and the relevant law, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss Complaint (ECF No. 13). Plaintiff's claim for discrimination under Title IX is dismissed for failure to state a claim. The remaining requests in Defendant's Motion are denied.

Dated this 28th day of September 2026. By the Court:

Ann Marie McIff Allen
United States District Judge